Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000821
31-MAY-2017
09:49 AM

NO. CAAP-15-0000821

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DALE E. TAYLOR, SR., Petitioner-Appellee,
v.
GARED SAXBURY, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-149K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Respondent-Appellant Gared Saxbury a.k.a. Jared Saxbury (**Saxbury**) appeals from an "Order Denying Respondent's Motion to Strike Petitioner's Declaration Regarding Attorney's Fees and Costs," entered on October 7, 2015, by the District Court of the Third Circuit, North and South Kona Division (**District Court**).[1]

On appeal, Appellant Saxbury contends that the District Court abused its discretion by denying his motion to strike a Declaration requesting attorney's fees (**Declaration for Fees**) submitted by counsel for Petitioner-Appellee Dale E. Taylor, Sr. (**Taylor**),[2] because: the District Court failed to account for Saxbury's due process rights where the Declaration for Fees was

---

[1] The Honorable Margaret K. Masunaga presided.

[2] In the District Court, it appears that Dale E. Taylor, Jr. was also a Petitioner, however, he is not party to the appeal.

"[a]pproved and so ordered" by the District Court before it was served on Saxbury, such that he had no opportunity to be heard regarding the request for fees and costs; the District Court erroneously determined Saxbury was given sufficient notice to file an objection; and the request constituted improper *ex parte* communication.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised, and the applicable legal authorities, we resolve Saxbury's points of error as follows, and we vacate and remand.

On December 9, 2014, the District Court issued an Injunction Against Harassment in favor of Taylor and against Saxbury. On March 25, 2015, the Declaration for Fees was filed based on Hawaii Revised Statutes (**HRS**) § 604-10.5(h) (2016),[3] which included the signature of the District Court approving and ordering attorney's fees of $3,307.27.

Subsequently, on September 4, 2015, Saxbury filed his "Motion to Strike Petitioner's Declaration Regarding Attorney's Fees and Costs" (**Motion to Strike**), which included the declaration of Saxbury's counsel attesting that the Declaration for Fees was never served on him as required by Rule 5 of the District Court Rules of Civil Procedure (**DCRCP**) and that he "only knew about the Declaration when, on April 27, 2015, over one month after the Declaration was filed, [Taylor's] counsel demanded payment on the Declaration." In his opposition to the Motion to Strike, Taylor conceded that Saxbury had not been served with the Declaration for Fees until April 27, 2015, but asserted nonetheless that the District Court had authority under HRS § 604-10.5(h) to grant the fees, that Saxbury had notice since April 27, 2015, and that Saxbury's motion did not challenge the fees that had been awarded.

___

[3] HRS § 604-10.5(h) provides: "The court may grant the prevailing party in an action brought under this section costs and fees, including attorney's fees."

At the hearing on the Motion to Strike, the District Court noted that Taylor's notice of the Declaration for Fees was a bit delayed, but in ample time to file any objections, and that Saxbury had not filed the Motion to Strike until September 2015, which was a delay from when he had received notice of the fees award in April 2015. The Motion to Strike was thereafter denied.

In responding to Saxbury's points on appeal, Taylor argues, *inter alia*, that the Declaration for Fees followed DCRCP Form 2, which allows a party to apply for fees without filing a motion and contemplates a summary granting of fees if the request comports with an applicable statute such as HRS § 604-10.5. Taylor further asserts there is no requirement that he should have immediately served Saxbury with the Declaration for Fees, no requirement that the District Court must consider Saxbury's objections prior to granting fees under HRS § 604-10.5(h), and that Saxbury had the opportunity via his Motion to Strike to have the District Court consider objections to the fees award, which he failed to argue.

Given the record in this case, we conclude Saxbury was not properly served with the Declaration for Fees as required under DCRCP Rule 5, which provides in pertinent part:

> Except as otherwise provided in these rules, . . . every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, brief or memorandum of law, offer of judgment, bill of costs, designation of record on appeal, and similar paper shall be served upon each of the parties . . . .

It appears there is no specified time period or procedure under the DCRCP for the District Court to consider and decide a request for fees as set forth in DCRCP Form 2. However, by failing to timely serve Saxbury with the Declaration for Fees, Taylor precluded Saxbury from having a meaningful opportunity to address the request for fees. See In re Guardianship of Carlsmith, 113 Hawai'i 236, 239, 151 P.3d 717, 720 (2007); Sandy Beach Def. Fund v. City Council of City and Cty. of Honolulu, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989).

3

In this case, the Declaration for Fees was not served on Saxbury when it was submitted to the District Court. If the Declaration for Fees had properly been served when it was submitted to the District Court, Saxbury could have immediately filed an opposition or objection as to the merits of the requested attorney's fees. Instead, the record reflects that Saxbury was first given notice about the award of fees on April 27, 2015, more than a month after the District Court's order approving the fees. This does not comport with DCRCP Rule 5, and it also undermined Saxbury's ability to appeal directly from the fees award.

Given the above, we need not address Saxbury's other arguments on appeal. We conclude that, on remand, the District Court should strike its order awarding attorney's fees to Taylor and allow Saxbury an opportunity to address the merits of the fees request.

Therefore, IT IS HEREBY ORDERED that the "Order Denying Respondent's Motion to Strike Petitioner's Declaration Regarding Attorney's Fees and Costs," entered on October 7, 2015, by the District Court of the Third Circuit, North and South Kona Division, is vacated. This case is remanded to the District Court for further proceedings consistent with this decision.

DATED: Honolulu, Hawaiʻi, May 31, 2017.

On the briefs:

J. Porter DeVries,
D. Kaena Horowitz,
for Respondent-Appellant.

David B. Kaapu,
for Petitioner-Appellee.

Chief Judge

Associate Judge

Associate Judge

4